22 C. C. P. A. (Patents)

## In re FLANAGAN.
### Patent Appeal No. 3499.

Court of Customs and Patent Appeals.
June 3, 1935.

Roy W. Johns, of Chicago, Ill., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

Flanagan designed a can to be used as a food container, and made application for design patent in the United States Patent Office; the claim of his application being "The ornamental design for a food container, as shown and described."

The Examiner rejected the application, denying patentability in view of prior art cited. The Board of Appeals affirmed the Examiner's decision, and by appeal we are here called upon to review the Board's decision.

The following is the description given in the specification: "The dominant features of the design consist of a three-sided container in which one side is wider than the remaining sides and in which each side takes a broad or wide and graceful curvature at its longitudinal edges into the adjacent longitudinal edges of the respective sides so as to present broad, well rounded longitudinal corners to the longitudinal edges of the container, Figs. 2 and 3 illustrating the container resting on its broadest or widest side. * * *"

The references cited are: Norton, De-9767, February 27, 1877; Kannenberg, 1039753, October 1, 1912; Whitaker, De-58281, June 28, 1921.

The patents to Whitaker (design for a fuel container) and Kannenberg (closure for hermetically-sealed food-preserving cans) bear no resemblance to appellant's design, except in the single feature of having their ends countersunk so that upstanding flanges are provided.

The most pertinent reference is the patent to Norton. This is entitled "Design for Cans." The specification of this patent recites: "In the accompanying drawing, A represents a can or package made of sheet metal or other suitable material, and provided with a cover, B. The can or package is made in triangular form and the corners are rounding, as shown, and the cover is made of corresponding form."

The claim reads: "The design for a can or package, being of angular form with rounding corners, and corresponding form of cover, all as shown and described."

The drawing of Norton's design shows a can having three sides of the same width so adjusted as to form substantially an equilateral triangle whose corners are rounded. The end parts are of the same form, and are not countersunk, but have flanges telescoping over the sides of the can.

The shape of appellant's can is substantially that of an isosceles triangle and its corners, with countersunk end parts corresponding in form, are more broadly rounded than are those of the Norton design, or, as stated by the Board, are "of a somewhat greater radius." It apparently is not so tall as the can of Norton's and has more of a "squat" appearance.

There was no finding of lack of ornamentation by the tribunals of the Patent Office, nor was there any specific discussion of the question of novelty. The rejection rests, as stated by the Board, upon the ground that "there would be no invention in providing the Norton can with ends similar to those shown by Whitaker and Kannenberg."

On behalf of appellant there were presented the affidavits of two gentlemen employed by Swift & Co. of Chicago, Ill. (to whom, we were informed at the hearing, the application belongs), relating to the commercial success which has attended the use of the containers for packaging foods, particularly ham, such, we understand, as is used extensively in making sandwiches; also the affiants' expressed opinions as to the attractiveness of the design.

All that affiants say may be accepted—we do accept it—as being strictly true, but this does not establish a right to patent. There must be invention in design patents as well as in other types, as has been so often said, and the question is whether the modifications of the prior art made by appellant amounted to invention.

The fact that Flanagan may never have seen or known of the prior art designs does not affect the validity of such designs as references. One of the affiants expresses the belief that appellant's design "is entirely unlike any other container which has been previously *on the market*." (Italics ours.)

That may be, but nevertheless the Norton design, whether ever actually used commercially or not, is a part of the prior art, and we are not convinced of error in the Board's decision.

Numerous authorities are cited on behalf of appellant, the case of In re Jay C. Hormel, 56 F.(2d) 672, 19 C. C. P. A.

(Patents) 1046, where we found invention to be present in a design for "packing and display container," used particularly for packaging poultry, being especially emphasized.

Of that case it seems sufficient to say, as we think clearly appears in the opinion itself, that we did not regard the art cited against the application as being apposite. The marked differences between the design at issue there and the art cited against it were sufficient, in our opinion, to justify a holding of patentability.

It is not so here.

The decision of the Board of Appeals is affirmed.

Affirmed.